# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

MARTIN J. WALSH, Secretary of Labor, :
United States Department of Labor, :
: 
    Plaintiff : Case No.
:
v. :
:
HOLDING HANDS LLC, doing business as :
HOLDING HANDS INC., MONIQUE :
THOMAS-FREEMAN, and JEVONTAE :
FREEMAN, :
:
    Defendants. :

## COMPLAINT

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Holding Hands LLC, doing business as Holding Hands Inc., a limited liability company, Monique Thomas-Freeman, individually and as owner, president, and manager of the aforementioned company, and Jevontae Freeman, individually and as owner, vice president, and manager of the aforementioned company (collectively, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or "the Act"), 29 U.S.C. §§ 207, 211(c), 215(a)(2) and 215(a)(5), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

    1.    Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

3. Defendant Holding Hands LLC, doing business as Holding Hands Inc. ("Holding Hands") is a limited liability company with its headquarters located at 6100 Oak Tree Boulevard, Suite 200, Independence, Ohio 44131. Holding Hands is a domestic homecare business operating within the jurisdiction of this Court.

4. Defendant Monique Thomas-Freeman ("Thomas-Freeman") is the President and the co-owner of Holding Hands. Monique Thomas-Freeman directed employment practices and has directly or indirectly acted in the interest of Holding Hands in relation to its employees at all relevant times herein, including supervising employees, hiring and firing employees, setting their work schedules, and setting their pay rates.

5. Thomas-Freeman has acted directly or indirectly in Holding Hands' interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

6. Defendant Jevontae Freeman is the Vice President and the co-owner of Holding Hands. Jevontae Freeman directed employment practices and has directly or indirectly acted in the interest of Holding Hands in relation to its employees at all relevant times herein, including supervising employees, hiring and firing employees, setting their work schedules, and setting their pay rates.

7. Jevontae Freeman has acted directly or indirectly in Holding Hands' interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

8. Defendants employ persons in domestic service for profit, which affects interstate commerce per Section 2(a)(5) of the Act, 29 U.S.C. § 202(a)(5). Holding Hands employed

employees as home health aides ("HHAs") or caregivers (collectively, "employees") and those employees provide in-home care services to Holding Hands' clients.

9. Between October 16, 2019 and October 15, 2021, Defendants employed the individuals listed in the attached Exhibit 1 attached hereto.

10. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer than those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

11. For example, during the time period from at least October 16, 2019 through October 15, 2021, Defendants failed to compensate certain employees who worked over 40 hours in a workweek at rates not less than one and one-half times their regular rates.

12. Defendants paid employees at established regular hourly rates of pay for overtime hours worked. Defendants paid these employees at their straight time pay rate for all hours worked, including those in excess of forty per workweek. During these workweeks, Defendants paid employees their straight-time hourly rates for all hours worked on the face of Defendants' payroll records, and did not pay the required time and one-half premium rate for overtime hours worked in excess of forty per workweek.

13. Defendants knew or recklessly disregarded their obligations to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek. Defendants

paid employees straight time for all overtime hours worked, and not the required time and one-half premium rates, despite being aware of the overtime requirement.

14. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

15. For example, due to their practice of paying employees straight time for overtime, Defendants failed to keep and preserve payroll records for employees for at least three years, including accurate amounts of overtime premium pay due to employees. 29 C.F.R. § 516.2(a)(9).

16. Between October 16, 2019 and October 15, 2021, Defendants repeatedly and willfully violated the provisions of the FLSA as alleged above. A judgment permanently enjoining and restraining the violations alleged herein (including the restraint of any withholding of payment of unpaid overtime compensation) is expressly authorized by Section 17 of the FLSA, 29 U.S.C. § 217.

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Section 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, 29 U.S.C. §§ 207, 211(c), and 215(a)(2), (5); and

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees

listed in Exhibit 1 for the period from at least October 16, 2019 through October 15, 2021, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Exhibit 1 for violations continuing after October 15, 2021, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Exhibit 1; or

(3) In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees and prejudgment interested computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

**LEAH A. WILLIAMS**
Associate Regional Solicitor

/s/ *Mary M. Frey*
Mary M. Frey (0088053)
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
1240 East Ninth Street, Room 881
Cleveland, Ohio 44199
(216) 522-3869
*Frey.Mary.M@dol.gov*

*Attorney for Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor*